First case this morning is Thomas Gillespie v. Investors' Commission, 511-0054. Counsel, please. Congratulations, Porter. Congratulations, counsel. My name is Robert Douglas. I'm from Robinson, Illinois. And my brief is self-explanatory, basically. And the real aspect on this is can the law of the case doctrine take precedence of the running up to Chicago and have it sent back to our situation. And there are three cases cited. None have been overruled. And in the situation of my case, the philosophical situation, is that the duly elected judge, Larry Dunn, from Alameda, Illinois, and he made a decision and then it was remanded back to the Industrial Commission. And the situation for this Larry Dunn's case, and it's on Exhibit C, and it's also on another situation. It's on number 13, page 13, and the judge Dunn said, Therefore, as of March 5, 2001, claim number 07-MR-30 and 02-WC3-0195, the finding of the Illinois Workers' Compensation Commission, upholding the decision of the arbitrator, is hereby reversed. And this claim is remanded back to the Commission for further hearings on damages, including the nature and extent of injuries, disability, and payments for related medical expenses. Counsel, you indicated that you had three cases. And I think that there is authority that in a typical administrative proceeding, the circuit court does retain jurisdiction following a remand to administrative agency. But appeals from administrative agencies are governed by the Administrative Review Act. The Workers' Compensation Act doesn't have that particular language. So how do you reconcile the two? Well, I don't. In my points of authority, they, the, excuse me. That WIRE versus Workers' Compensation Commission, 387-IL-AP-3RD, 297-307-900-Northeast-2nd, 360-2008. And ISRI versus Industrial Commission, 337-IL-AP-3RD, 598-606-607, 786-Northeast-2nd, 218-203. Those cases stand for the proposition that the claimant does not have to file a written request for summons nor exhibit proof of payment of the record? But this, in a, the situation in this is the elected, full authority, probably some of you gentlemen, excuse me, I hit that microphone, but we're circuit judges. And now if you are or not, you are an appellate judge, and the judge that, you remanded down to a circuit judge to have this done and that done. And if he defies the appellate court, they would, you would get. Well did you comply with 19-F-1? First time. When I brought it to the attention of Larry Dunn. He complied with it? Yes. The first time. Because he was there, and it was, and then the committee, the industrial commission, violated his mandate for them to do that. And that is all, oh yeah. Therefore, this is the circuit judge, as the finding of the Illinois Workers' Compensation Commission upholding the decision of the arbitrator, is hereby reversed, and this claim is remanded back to the commission for further hearing on damages, including the nature and extent of injuries, disability, and payments for related expenses. And that, that's all that they had to remand to. And that's on exhibit C, and then we've got it on the end of. Are you talking about the commission's decision that was done subsequently on August 23, 2010? Yes. What happened on September 9, 2010? They had a, they had two of this. Oh, you filed a petition? Yes. And you didn't comply with 19-F-1? On the last, you know, we've had the. Well, we went back to the commission. The commission made its decision again, and then you refused or frankly didn't even consider it necessary to comply with 19-F-1. That is probably true, but. But in the law of the case, that doesn't, a commission or any lower court can't overrule a higher court. That's the law of the case. What court is overruling a higher court? What are you saying? Well, Mr. Dunn, Judge Dunn said that he reversed the commissioners and. He remanded it back? Only about, remanded about very few things, not everything. For further hearing on damages including the nature and extent of injuries, disability and payments for related medical expenses. Did the commission do what he told them to do? No. No, it didn't. Well, apparently he thought they did. Oh, no, oh, no. You didn't even file, I've got to go through this again. You didn't even take the pleasure to file a 19-F-1 appeal. That, I accept that. I accept that. Then you're out of business. Oh, that, not on the law of the case. The Supreme Court, if the Supreme Court rules on something, and you're Justice McCall in the Fourth District, and you don't follow the mandate of the Supreme Court, you know what will happen. You know that they're not going to do that. And that's just like Larry Dunn hit this thing down for him, for the court, the industrial commission to do certain things, and they didn't do it. So even if that was true, then you're saying that the administrative rules and government appeals don't apply anymore because they didn't do what they were supposed to do. That's probably true. Is that the state of the law? I think that, well, the law is in flux, as we all know, particularly with the workers' compensation commission because they are really in, Judge Quinn has done, I mean, Governor Quinn has taken off some of these things. Really. And on the Third District court, it would be, that's where it came out of. All right, just so we're clear on your position, and I think I understand it, you said you complied with it once the first time. That's correct. Then got remanded. It's your position that legally you don't feel that you should be required then to have to do it again. Is that in essence your position? That's right. Jumped through hoops 10 times. Okay. Thank you. And I don't have rebuttal. I will not have rebuttal. All right, thank you. Your Honors, Joshua Stegman on behalf of the Apolleon here in place of Jennifer Yates Wellness. She's on maternity leave right now. In all due respect to opposing counsel, I think his argument is misplaced here. I think the issue that is before you is whether opposing counsel followed the procedural requirements under the statute governed by Section 19F. And I believe you'll see based on our brief that that was not the case. He failed to file a request for summons and an affidavit of cost related to his second petition to the circuit court. All of that's in the statute, counsel. Correct. As to the proper procedures to follow in the statute. But isn't opposing counsel's argument really a retained jurisdiction argument? Well, and I think that's the case law. And if so, does Kudlow in 1929 please settle it? Yes, I believe it does. As does Fisher. That's all the argument I have then, actually. I don't want to waste your time. Thank you. Any other questions? No. Thank you.